HOMER N. CHASE & CO. vs. NEWMAN R. DOYLE.

Androscoggin.    Opinion March 15, 1922.

*The seller's remedy for refusal to accept goods ordered is not a suit for the price,
but a special action for breach of the implied contract to receive and accept.*

The law is well settled in this State that when goods are ordered, and shipped
to the one giving the order, but were never accepted by the one giving the
order, the seller's remedy is not a suit for the price, but a special action for
breach of the implied contract to receive and accept.   To maintain an action
for the price actual acceptance must be shown.

On exceptions by plaintiff.    This is an action of assumpsit to recover
the price of certain nursery stock alleged to be sold and delivered.    The
defendant gave to the plaintiff a written order for the goods, at the
prices claimed, and the goods were shipped in accordance therewith
to the station at Caribou, Maine, but defendant refused to accept
them.    The defendant asserts that an action for the price of goods
sold and delivered cannot be maintained until delivery be proved;
that actual delivery and acceptance must appear.

The case was heard by the court without a jury and judgment for
defendant was rendered and plaintiff took exceptions.    Exceptions
overruled.

The case is stated in the opinion.

*Tascus Atwood,* for plaintiff.

*Cyrus F. Small,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL,
WILSON, JJ.

PHILBROOK, J.   On the sixth of August, 1920, the defendant
signed an order, directed to the plaintiff, for the delivery of certain
nursery stock, for which defendant agreed to pay two hundred dollars
on delivery of said stock for the defendant at Caribou freight station
any time during April or May, 1921.    The order stipulated that it
was not subject to countermand but in the latter part of August,

1920, the defendant wrote the plaintiff that he would not take the stock and notified plaintiff not to ship it. Nevertheless the stock was shipped to the freight station from which place defendant refused to take it. Thereupon one Foss, acting as agent for plaintiff, took the stock from the station, carried it to the defendant's residence and left it by the roadside in front of that residence. At some time thereafter, the defendant removed the stock to a place across the road, where it remained, so far as the evidence discloses, until the date of the writ, each party claiming it to be the property of the other.

The plaintiff then brought this action of assumpsit to recover the price of the stock which it says was sold and delivered to the defendant. The case was heard by a Justice of the court to which the writ was returnable, without jury, and in vacation as of term time. Upon the facts, as thus briefly stated, the Justice ruled as matter of law as follows:

1. That by his explicit refusal to fulfill the contract in August, 1920, and notice to plaintiff, the defendant precluded the plaintiff from asserting his rights to deliver and recover as for goods sold and delivered, and subjected himself only to such damages as would compensate the plaintiff for being deprived of the benefits of his contract.

2. That delivery at the station at Caribou after notice as above stated that defendant would refuse to perform the contract would not entitle the plaintiff to maintain this action for the price of the goods without acceptance by defendant.

3. That delivery at the Caribou Station, while evidence of acceptance upon which the plaintiff might rely as sufficient, would not preclude the defendant from refusal to accept and that the defendant in this case, in view of the entire history of the transaction, had actually refused to accept.

4. That if the delivery at the Caribou Station was primarily sufficient, the authorized act of the plaintiff's agent, Foss, in taking possession and undertaking to make a further and different delivery would preclude the plaintiff from recovering on the delivery at the Caribou Station.

Judgment for defendant with right of exception reserved.

The case comes before us upon plaintiff's exceptions and the real contest is upon the question whether it may recover in this action of assumpsit for goods sold and delivered, or whether it should have

brought an action to recover damages for breach of contract by the defendant.

We consider the law as well settled in this State that where goods are ordered, and shipped to the one giving the order, but were never accepted by the one giving the order, the seller's remedy is not a suit for the price, but a special action for breach of the implied contract to receive and accept. To maintain an action for the price, actual acceptance must be shown. *Bixler* v. *Wright,* 116 Maine, 133; *Tufts* v. *Grewer,* 83 Maine, 407; *Greenleaf* v. *Gallagher,* 93 Maine, 549; *Atwood* v. *Lucas,* 53 Maine, 508; *Moody* v. *Brown,* 34 Maine, 107.

The plaintiff lays much stress upon the fact that the order contains the provision that it is not subject to countermand. These words add nothing to the legal force and effect of the order, for in the absence of such provision in terms the law would supply an implied provision that the order should not be countermanded except for legally sufficient reasons, and in the absence of those reasons the seller who countermanded his order would be liable for the breach of contract when called to answer in a proper action whether there were, or not, a specific provision against countermanding.

*Exceptions overruled.*