FRANKLIN PAINT COMPANY *vs.* PATRICK J. FLAHERTY.

Cumberland.    Opinion, March 2, 1943.

*Joseph E. Hall,* for the plaintiff.

*Richard S. Chapman,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, JJ. CHAPMAN, J., not participating.

HUDSON, J.   The plaintiff sues to recover on account of an alleged sale of thirty gallons of roofing paint. The writ contains two counts in assumpsit, one an account annexed and the other a special count for nonacceptance. The presiding Justice heard and decided the "cause without the aid of the jury," the parties agreeing thereto. R. S. 1930, Chap. 91, Sec. 26. His decision was for the defendant. The case comes up on the plaintiff's bill of exceptions, corrected under Chap. 86, P. L. 1941.

Clearly the action is not maintainable on the first count, for "To maintain an action for the price, actual acceptance must be shown." *Chase* v. *Doyle,* 121 Me., 204, 206, 116 A., 267, and cases cited therein. It is admitted the paint was not accepted. Recovery if had must be on the second count charging nonacceptance.

The claimed justification for nonacceptance was an asserted unseasonable "delivery within the wording of the Sales Act."

Par. (2) of Sec. 43, Chap. 165, R. S. 1930 (Uniform Sales Act, in force both in Ohio and Maine) provides: "Where by a contract to sell or a sale the seller is bound to send the goods to the buyer, but no time for sending them is fixed, the seller is bound to send them within a reasonable time."

Reasonable time depends upon the facts and circumstances of the particular case, "such as the parties may be supposed to have contemplated in a general way in making the contract." *Hartman Coal Co., Inc.* v. *William J. Howe Co., Inc.,* 222 N. Y. S., 584, 586. Our court has stated that "a reasonable time is such time as is necessary conveniently to do what the contract requires should be done." *Hollis* v. *Libby et al.,* 101 Me., 302, 309, 64 A., 621, 624. "It is firmly settled in this State that what constitutes reasonable time, on undisputed facts, is not for the jury, but is a question of law." *Andrews* v. *The Dirigo Mutual Fire Insurance Company,* 112 Me., 258, 262, 91 A.,

978, 980. The facts in this case on this issue of reasonable time are undisputed.

Then as a matter of law did the plaintiff send this paint within a reasonable time? The record shows that the order was received in Cleveland, Ohio, on September 15, 1941. The ordered paint, way-billed "in the name of the defendant," was there delivered to the carrier on September 26, 1941. It was then that the plaintiff sent this paint to the defendant.

It appears from the bill of exceptions (seen and agreed to by the defendant) that the plaintiff was doing a credit business which required knowledge of the financial responsibility of buyers. In the bill of exceptions it is stated:

> "In the instant case the proposed buyer did not furnish this knowledge and seller was obliged to obtain the necessary information from and under his standing contract with Dun & Bradstreet, a well known commercial reporting concern."

Immediately upon receipt of the order, the plaintiff sought this knowledge from Dun & Bradstreet and received their report on September 25, 1941. It shipped the paint on the next day. Its place of business, as stated, was in Cleveland. The defendant's residence was in Portland.

The detail of what was done to obtain knowledge of the defendant's financial responsibility is lacking: for instance, as to how much correspondence was reasonably necessary, the time spent in sending and receiving letters, and what contacts with the defendant and others in Portland were required. No evidence by way of justification for nonacceptance was offered to show that the matter was not attended to with reasonable dispatch and in accordance with mercantile custom. The acquisition of this information being a business transaction, there is a presumption that it "was conducted in the regular and usual manner." 22 C. J., Sec. 46, on page 105.

There being no time fixed when this paint should be sent, the plaintiff had the right to take such time as was "necessary

conveniently to do what the contract" required to be done. *Hollis* v. *Libby,* supra. Moreover, the defendant, not supplying the credit information, must be "supposed to have contemplated in a general way in making the contract" (*Hartman Coal Co., Inc.* v. *Howe Company,* supra) that a reasonable length of time would be taken by the plaintiff to acquire it.

It seems to us that under the facts and circumstances of this case the plaintiff sent this paint "within a reasonable time" after receiving the order. That being so, the defendant had no legal right to refuse its acceptance on that ground.

*Exceptions sustained.*

CHAPMAN, J., not participating.