## SCHIAVI MOBILE HOMES, INC.

### v.

### Florence GAGNE.

Supreme Judicial Court of Maine.

Argued April 29, 1986.

Decided May 30, 1986.

---

Skelton, Taintor, Abbott & Orestis, Stephen B. Wade (orally), Auburn, for plaintiff.

Robert J. Beal (orally), Rangeley, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

WATHEN, Justice.

Plaintiff Schiavi Mobile Homes, Inc., appeals from judgments entered in the Superior Court (Oxford County) in favor of defendant Florence Gagne after a jury-waived trial. Plaintiff argues, *inter alia,* that the court erred in concluding that the time for performance under the contract had expired and, therefore, failed to consider plaintiff's right to cure its nonconforming tender. We agree and vacate the judgments.

## I.

In May of 1984, defendant visited plaintiff's place of business in Oxford to purchase a mobile home. After viewing several different models, she selected a Commodore unit but the only unit in stock was unacceptable to her because it included a fireplace. The salesman informed defendant that the particular mobile home she wanted could be built specially without a fireplace at the manufacturer's plant in Pennsylvania. The salesman testified that he advised defendant that it would take four to six weeks for delivery and possibly longer. Defendant testified that "he said four to five weeks before they delivered." A contract of sale was signed on May 7, 1984 but no delivery date was specified.

Defendant made a $1,000 deposit at the time the contract was signed.

The mobile home arrived at plaintiff's place of business in late June and defendant was informed by telephone that it would be delivered to her on July 5, after the holiday. Defendant agreed to that delivery date. All parties testified that it rained extremely hard on July 5 and, as the mobile home was placed on defendant's lot, she and her son noticed certain defects. The exterior siding had buckled in several places, the trim on the roof had detached, and the seal on one window had broken and caused a leak, soaking the carpet and one set of curtains. In addition, a coffee table which defendant had ordered was missing. Plaintiff's employee assigned to set up the trailer characterized the defects as minor and resulting from the normal hazards of transportation. He testified that he offered to repair them before leaving. Defendant nevertheless rejected the trailer and it was towed back to Oxford.

Defendant testified that John Schiavi, president of Schiavi Mobile Homes, Inc., called her the next day and offered to sell her a different home. John Schiavi testified that during that conversation he offered to make the necessary repairs but defendant replied that she was no longer interested in purchasing a mobile home. In addition, he offered to apply her $1,000 deposit to any home in stock, but she refused and repudiated the contract.

Plaintiff filed its complaint claiming breach of contract and alleging wrongful rejection of the mobile home. Defendant answered and filed a counterclaim seeking the return of her deposit. The Superior Court entered judgment for defendant on both the complaint and the counterclaim. It is from these judgments that plaintiff appeals.

## II.

The issue in the present case is whether the following provision of the Uniform Commercial Code should have been applied:

Where any tender or delivery by the seller is rejected because nonconforming and the time for performance has not yet expired, the seller may seasonably notify the buyer of his intention to cure and may then within the contract time make a conforming delivery.

11 M.R.S.A. § 2–508(1) (1964).[1] The court found as a fact that no delivery date was specified in the contract. Accordingly, relying on 11 M.R.S.A. § 2–309(1) (1964), the court ruled that delivery was required within a "reasonable time." The court concluded that plaintiff did not make a conforming tender within a reasonable period of time and, further, that "defendant's repudiation [which occurred on July 5] was not made until after the expiration of the reasonable period of time in which delivery should have been made." By ruling in this manner, the court found no occasion to consider the cure provisions set forth in section 2–508(1).

 We conclude that the court erred as a matter of law in holding that tender did not occur within a reasonable time and that plaintiff had no right to cure. What constitutes a reasonable time for performance depends on the facts of each case. *Franklin Paint Co. v. Flaherty*, 139 Me. 330, 331, 29 A.2d 651 (1943); *see* 11 M.R.S.A. § 1–204(2) & comment 2 (1964). The evidence reveals that the parties knew that delivery would take four to five weeks at the very least. Defendant knew that the mobile home had to be specially constructed. Most importantly, when informed that the mobile home was ready for delivery, she agreed to a July 5 delivery without objecting to the fact that eight weeks had passed since the contract was signed. Ultimately, defendant rejected the mobile home because of defects, not because delivery was untimely. By failing to object, defendant acknowledged that delivery occurred within a reasonable time. *See* 11 M.R.S.A.

§ 2–309 comments 5–6 (1964) (reasonable time for tender may be enlarged where parties let originally reasonable time go by in silence or where buyer does not object to seller's time proposal).

The Superior Court erred in failing to consider the effect of section 2–508(1) on the present controversy. We vacate and remand for further consideration. The remaining issues raised on appeal require no discussion.

The entry is:

Judgments vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

1. The cure provisions of section 2–508 mitigate the harshness of the perfect tender rule, which would otherwise permit the buyer to reject tender that "fail[s] in any respect to conform to the contract . . . ." 11 M.R.S.A. § 2–601 (1964).

*See Moulton Cavity & Mold, Inc. v. Lyn-Flex Industries, Inc.*, 396 A.2d 1024, 1027 & n. 6 (Me.1979) (subject to, *inter alia*, section 2–508, perfect tender rule has survived enactment of UCC).